SALTER, J.
(concurring in part, dissenting in part).
I concur in the majority opinion to the extent that it reverses and remands for the entry of a final judgment of foreclosure in place of the final judgment on the promissory note indebtedness. The mortgage count should not have been dismissed, as the mortgage contained a sufficient legal description, the borrower’s default and the amount of indebtedness were proven, and there was no impediment to the entry of a final judgment of foreclosure. Any alleged *823 defect in the deed into the mortgagor (ap-pellee, Shay Dori), should remain for a separate action (which would, if pursued, have to include the grantor as the other party to the facially-defective instrument) or a curative deed to be obtained from the grantor by consent,
I must respectfully dissent, however, from part C. of the majority opinion insofar as it finds an abuse of discretion in the trial court’s denial of the plaintiffs motion to amend the reformation count (Count II of the complaint) to add the grantor as an indispensable party.
The mortgagee/plaintiff, appellant here,[2] filed a verified complaint in May 2012. Count I sought to foreclose the mortgage, while Count II sought reformation of the deed[3] into the borrower, Shay Dori. Compounding the defect in the deed, counsel who prepared the complaint failed to join an indispensable party to the reformation count — the grantor. See Antonelli v. Smith, 556 So.2d 1132, 1134 (Fla. 3d DCA 1989). The action then languished for two years. Though the case was noticed for trial in 2014 and again in 2015, the mortgagee’s counsel apparently did not realize until March 2015 that the complaint needed to be amended to add the grantor on the deed-sought-to-be-reformed as a defendant for purposes of the reformation count.
In my view, the trial court did not abuse its discretion in denying such an amendment, even if unopposed. The case was three years old and stale,[4] but was finally scheduled to be tried the month after the hearing on the motion to amend. The possible consequences of allowing the amendment were the problem: the amendment would have to be filed or deemed filed; the new defendant would have to be served; the new defendant and existing defendant would have 20 days from service within which to file a responsive pleading; the responsive pleading might be a motion necessitating a hearing, ruling, and additional time within which to answer; and the case might not be “at issue” under Florida Rule of Civil Procedure 1.440(a), and thus ready to be re-set for non-jury trial, for several more months.
The abuse of discretion standard of review applicable to a motion to amend generally defers to the right of a trial court to control the management and trial of a case. Though amendment is ordinarily to be “given freely when justice so requires,” Florida Rule of Civil Procedure 1.190(a), that liberality is diminished as a case nears trial, and when a plaintiff has failed to act with due diligence. San Martin v. Dadeland Dodge, Inc., 508 So.2d 497, 498 (Fla. 3d DCA 1987). Our review under the abuse of discretion standard will uphold a discretionary ruling unless it is “arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only where no reasonable person would take the view adopted by the trial court.” Lugo *824 v. State, 2 So.3d 1, 19 (Fla. 2008) (quoting Parker v. State, 904 So.2d 370, 379 (Fla. 2005)).
In the present case, I cannot agree that the trial court abused its discretion in denying the plaintiffs dilatory motion to add a party. The errors in the present case were essentially errors by counsel, not by the trial court. The tsunami of residential foreclosures in South Florida in the aftermath of the 2008 real estate recession has been marked in many cases by assembly-line pleadings, preparation of complaints and affidavits by non-attorneys, and the neglect of cases by counsel.[5] The trial courts have shown commendable diligence in moving such cases, particularly stale cases, to trial and final judgment.
The trial court’s denial of the plaintiffs proposed amendment to add a party to the reformation count, and our decision here, cause no prejudice to the parties. Heartwood 2 may ascertain from its title examination and title insurer whether it wishes to re-file the reformation count, to file a quiet title action against the grantor, or to track down the grantor/developer of the condominium to obtain a curative, recordable instrument. That is not our concern, nor was it required to be a concern of the trial court, given the errors and omissions by the person(s) who prepared and recorded the defective deed and by prior counsel for the lender in the foreclosure case.
For these reasons, I join the majority opinion to the extent that it reverses and remands the final judgment to vacate its characterization as a lien for the promissory note indebtedness, and to direct the entry of a final judgment of foreclosure using the property description in the mortgage. I respectfully dissent, however, from the majority opinion insofar as it finds an abuse of discretion in the trial court’s denial of the appellant’s motion to amend the reformation count to add a party the appellant should have (and could have) included years before.

. The original plaintiff was Wells Fargo Bank, N.A. Ultimately the current appellant, Heartwood 2, LLC, succeeded to the interests of Wells Fargo regarding the loan and was duly substituted as plaintiff.

. Although the first allegation in Count II begins "This is an action to reform a Mortgage,” the caption indicates that Count II seeks reformation of a deed, and the defective legal description is the one set forth in the deed (containing blanks instead of the official records book and page of the recorded declaration of condominium), not the mortgage.

.Florida Rule of Civil Procedure 1.010 provides that the rules "shall be construed to secure the just, speedy, and inexpensive determination of every action.” Florida Rule of Judicial Administration 2.250, which sets "presumptively reasonable” times for the completion of cases, allows 12 months from the filing of a non-jury civil case to final disposition.

. Counsel for the parties in this appeal were not involved in such lapses or the errors re-fleeted in the record before us.